IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TONY BROWN,

    Petitioner,

v.                                      CASE NO. 4:07-cv-00049-MP-AK

WALTER McNEIL and
FLORIDA PAROL COMMISSION,

    Respondents.

_____/

**O R D E R**

This matter is before the Court on the following motions:

1.    Doc. 104, Motion for Certificate of Appealability, filed by Petitioner;

2.    Doc. 105, Motion to Appoint Counsel for Appeal, filed by Petitioner; and

3.    Doc. 106, Motion for Leave to File Notice of Appeal Upon Issuance of Certificate of Appealability, filed by Petitioner.

On April 24, 2009, Petitioner filed a Notice of Appeal (Doc. 102) of this Court's March 30, 2009, order (Doc. 94) adopting the Report and Recommendation of the Magistrate Judge (Doc. 90) and denying Petitioner's § 2254 petition for writ of habeas corpus. Petitioner filed the motions listed above on the same day. Having considered the facts of this case and the applicable law, the Court finds that Petitioner's requests for a certificate of appealability ("COA") and appointment of counsel should be denied.

The COA requirement is a result of amendments made to 28 U.S.C. § 2253 by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. All appeals of habeas petitions which are filed after April 24, 1996, the effective date

of the AEDPA, require that a habeas petitioner first receive a COA before a circuit court can hear the petitioner's appeal.  See Hunter v. United States, 101 F.3d 1565, 1573 (11th Cir. 1996) (en banc), cert. denied, 117 S. Ct. 1695, 137 L. Ed. 2d 822 (1997).  Pursuant to the statute, "[a] certificate of appealability may issue . . . only if the applicant has made a ***substantial showing*** of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2) (emphasis added).  Section 2253(c)(3) requires the district court to indicate which specific issues, if any, a habeas petitioner is entitled to raise.

In order to make the requisite "substantial showing of the denial of a constitutional right" [28 U.S.C. § 2253(c)(2)], "a petitioner who has been denied relief in a district court 'must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'"  Lozada v. Deeds, 498 U.S. 430, 432, 111 S. Ct. 860, 862, 112 L. Ed. 2d 956 (1991) (emphasis and brackets in original) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4, 103 S. Ct. 3383, 3394, n.4, 77 L. Ed. 2d 1090 (1983)).  If a petitioner fails to make such a showing, his or her request for a COA must be denied.  See, e.g., United States v. Riddick, 104 F.3d 1239, 1241 (10th Cir. 1997); Hohn v. United States, 99 F.3d 892, 893 (8th Cir. 1996), petition for cert. filed (May 12, 1997) (No. 96-8986).

Here, Petitioner raised nine grounds for relief in his petition for writ of habeas corpus.  For the reasons stated in the Report and Recommendation (Doc. 90), Petitioner's claims are without merit, and Petitioner has not demonstrated that the issues raised therein are debatable

among jurists of reason.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion for Certificate of Appealability (Doc. 104) is DENIED.

2. Petitioner's Motion to Appoint Counsel for Appeal (Doc. 105) is DENIED.

3. To the extent Petitioner requests the Court's acknowledgment that his Notice of Appeal (Doc. 102) was timely filed, the motion at Doc. 106 is GRANTED.  In all other respects, the motion is DENIED.

4. The Clerk is directed to forward to the Eleventh Circuit an updated docket sheet and a copy of this order.

**DONE AND ORDERED** this   *4th* day of May, 2009

> *s/Maurice M. Paul*
> Maurice M. Paul, Senior District Judge